HUDSON *v.* STATE.

(In Banc. Feb. 11, 1946.)

[24 So. (2d) 779. No. 36048.]

Neal Prisock, of Louisville, for appellant.

Greek L. Rice, Attorney General, by R. O. Arrington, Assistant Attorney General, for appellee.

**Sydney Smith, C. J.**, delivered the opinion of the court.

Of the several assignments of error only one is of sufficient substance to justify a specific response thereto.

The appellant was tried on an indictment under Section 2011, Code 1942, for assault and battery with intent to kill and murder. The court granted the state a hypothetical instruction based on Section 2013, Code 1942, which prohibits the pointing or aiming of a gun or pistol at another. This instruction, after stating the hypothetical case, concluded as follows: "And in the event you so find the form of your verdict may be: 'We, the jury, find the defendant guilty of injuring Will Scott by committing an assault and battery on him with a shotgun.' " Assuming that the appellant is correct in saying that this instruction should not have been granted, no harm resulted to him therefrom for the reason the jury did not act on it and return the verdict set forth therein.

By another instruction the jury was charged: "If you believe from the evidence beyond a reasonable doubt that the defendant is guilty as charged in the indictment, then it is your sworn duty to so find, and the form of your verdict will be: 'We, the Jury, find the defendant guilty as charged.'" And such was the form of the verdict rendered by the jury.

Affirmed.